**CITIES OF ARMA, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 88–1720.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 15, 1989.

Decided Dec. 12, 1989.

Charles F. Wheatly, Jr., with whom Peter A. Goldsmith, Annapolis, Md., and Timothy P. Ingram, Arlington, Va., were on the brief for petitioners.

Hanford O'Hara, Atty. for FERC, with whom Catherine C. Cook, Gen. Counsel, and Jerome M. Feit, Sol. for FERC Washington, D.C., were on the brief for respondent. Dwight C. Alperin, Atty. for FERC, also entered an appearance for respondent.

J. Michael Peters, for intervenors.

Before MIKVA, SILBERMAN and BUCKLEY, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Twenty-four cities ("the Cities") located in southern Kansas petition for review of two FERC orders involving the terms of the Cities' contracts with an electricity supplier, Kansas Gas and Electric Company ("KG & E"). In its Order on Remand and Order Denying Rehearing, FERC held (1) that the ALJ's decision to require a reduction of a "reserve margin requirement" from 25 percent to 15 percent did not apply to the City of Augusta; and (2) that KG & E should be allowed to use a minimum bill demand clause for "cost allocation" purposes even though the Commission acknowledged that the same clause had been found unreasonable for "rate design" purposes. At oral argument the Cities withdrew their petition for review of FERC's decision regarding the application of the reserve margin requirement to the City of Augusta. As to the only remaining issue, we hold that a previous decision of this court affirming the unreasonableness of the minimum bill demand clause, settled the matter for both rate design and cost allocation. We accordingly remand the case to the Commission.

We need not review the long and tortuous procedural history of this case. The origins of this dispute are covered in detail in this court's previous review of the minimum bill demand clauses as contained in the Cities' contracts. In *Kansas Gas & Electric Co. v. FERC*, 758 F.2d 713 (D.C. Cir.1985) ("KG & E"), this court affirmed FERC's Opinion No. 188 issued in 1983. The Commission there held that KG & E had not presented evidence of sufficient benefits to justify using the minimum bill demand clause in combination with KG & E's proposed method of demand allocation—the "12–month coincident peak" or "12–CP" method. The combination of a 12–CP method of demand allocation with a

minimum bill demand clause can cause overreaching and is generally regarded as unjust and unreasonable. Therefore, utilities must demonstrate outweighing benefits to justify the use of this combination. The intricacies of the 12–CP method, rate design, and cost allocation are explained at length in the *KG & E* opinion. 758 F.2d at 714–15.

After upholding FERC's practice of imposing a burden of proof on utilities seeking to use the combination, the *KG & E* court found that "the evidence in the record supported FERC's conclusion that the utility had not sufficiently distinguished its combination of minimum demand *clauses* and the 12–CP method from the problems generally identified by the Commission." 758 F.2d at 721 (emphasis added). In Opinion No. 188, the Commission stated:

> A 12–CP method of demand allocation is utilized when a utility's system-wide demand pattern is relatively level throughout the year. Therefore, the fairest way to allocate demand costs is on the basis of the average of a customer class' contribution to the system's monthly peaks. Rates should be designed to track costs. However, KG & E's proposed minimum billing demand clauses establish demand charges on the basis of a customer's non-coincident *annual* peak without regard to its coincident monthly peaks. Therefore, the demand charges may be skewed upward or downward without any relationship to properly allocated costs.

*Kansas Gas & Electric Co.*, 25 FERC ¶ 61,006 at 61045 (October 3, 1983). This language clearly refers both to rate design and cost allocation. The *KG & E* court relied on this and other FERC reasoning to reach its conclusion. Having exhibited detailed understanding of the difference between cost allocation and rate design, 758 F.2d at 714, the *KG & E* court made no effort to limit the scope of its ruling to rate design. If FERC intended to limit the scope of its decision in Opinion No. 188, it made no effort to articulate this to the *KG & E* court in 1985. Opinion No. 188 itself is barren of any such limitations. In addition, the Commission did not explain in the 1985 proceeding, or in the current proceeding for that matter, why a combination deemed unfair for rate design purposes is acceptable for cost allocation purposes.

We have no doubt that the *KG & E* opinion of this court addresses the use of the minimum bill demand clause, in combination with the 12–CP method, for cost allocation as well as rate design. That decision constitutes a final disposition of the question for the specific period at issue in this case. We reverse the Commission's order allowing use of the clause for cost allocation, and remand to FERC to require KG & E to take action to comply with this ruling.

*It is so ordered.*